IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE ROWAN, #A0221576, | ) | CIV. NO. 12-00104 HG/KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY MOTION TO REOPEN CASE |
| vs. | ) | |
| | ) | |
| HAWAII DEPT. OF PUBLIC SAFETY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>FINDINGS AND RECOMMENDATION TO DENY MOTION TO REOPEN CASE</u>**

Before the court is *pro se* Plaintiff George Rowan's motion to reopen this prisoner civil rights action. Doc. No. 7. Plaintiff commenced this action on February 21, 2012, but failed to submit the filing fee or an *in forma pauperis* ("IFP") application with his Complaint. *See* Compl., Doc. No. 1. Plaintiff. On February 21, 2012, the court ordered Plaintiff to either pay the fee or submit an in forma pauperis application within thirty days. *See* Deficiency Order, ECF No. 4. On February 27, 2007, the court notified Plaintiff that it would take no action on his claims until he either paid the filing fee or submitted an in forma pauperis application. Doc. No. 5.

On April 6, 2012, after waiting forty-five days with no further communication from Plaintiff, the court dismissed this action without prejudice for Plaintiff's failure to obey the court order to pay the filing fee or submit an in forma pauperis application. Order, Doc. No. 6.

On April 16, 2014, Plaintiff filed the present, unsigned Motion. Doc. No. 7. Plaintiff requests the case be reopened because staff at the Halawa Correctional Facility ("HCF") are allegedly threatening him and retaliating against him.

Because Plaintiff filed this Motion more than two years after judgment entered, the court construes it as seeking reconsideration of the dismissal of this action pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6).

Rule 60 reconsideration is generally appropriate in only three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest

injustice. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Plaintiff does not explain why he failed to pay the filing fee, submit an in forma pauperis application, or otherwise communicate with the court regarding this action within the past two years. He cannot argue that he is unfamiliar with the simple requirements for commencing and prosecuting a federal action, because he was pursuing a similar action alleging nearly identical claims when he filed this action. *See Rowan v. Myers*, Civ. No. 12-00098 LEK/RLP. In response to the identical deficiency order that he received in Civ. No. 12-00098, however, Plaintiff immediately submitted an in forma pauperis application. *See id.*, Doc. No. 4. Thereafter, Plaintiff filed an amended complaint and several motions. *See id.*, Doc. Nos. 7, 11, 13. On July 13, 2012, Plaintiff voluntarily dismissed this action, explaining that he preferred to bring his claims to the Hawaii state courts. *See id.*, Doc. No. 16.

Plaintiff fails to show that there has been an intervening change in law allowing the court to reopen this case two years after he abandoned it. He submits no new evidence that would materially affect the court's determination to terminate this action or show that a clear error has occurred causing manifest injustice requiring reconsideration. The court FINDS

that Plaintiff's Motion is insufficient to persuade the court to reconsider its decision and RECOMMENDS that it be DENIED.

IT IS SO FOUND AND RECOMMENDED.



_____
Kevin S.C. Chang
United States Magistrate Judge

*Rowan v. Dept. of Public Safety*, Civ. No. 12-00104 HG/KSC; psa/F&R/dmp/2014/Rowan 12-104; J:\ChambersKSC\Wilma\A - CM-ECF ORDERS\A - CM-ECF ORDERS\2014\Denise\CV 12-00104 HG-KSC - Rowan - F & R re Open Case.wpd